

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **PROGRESSIVE SPECIALITY INSURANCE COMPANY,** | ) ) ) | |
| Plaintiff, | ) ) | Civil Action Number |
| vs. | ) ) | **5:08-cv-1316-UWC** |
| **MILDRED KYLE,** | ) ) ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION ON THE COURT'S JURISDICTION

Plaintiff, Progressive Specialty Insurance Company ("Progressive") filed this lawsuit in Alabama state court seeking a declaration of its obligation to pay Defendant, Mildred Kyle, under an automobile insurance policy. This insurance dispute revolves around an accident caused by a driver who is not a party to this action. The value of Kyle's claim under her insurance policy is $40,000. (Doc. 2, Mot. to Remand at Ex. A, ¶ 12.) In its complaint, however, Progressive asserts that its obligation under Kyle's policy is limited to $15,000 because of an off-set from the driver's insurance company. (Doc. 2, Mot. To Remand at Ex. B, p. 4.) In her answer, Kyle asserts a counter-claim against Progressive for bad faith, but does not specify the amount she seeks in damages.

Progressive is a citizen of Ohio and Kyle is a citizen of Alabama. Progressive asserts in its removal notice that the amount in controversy exceeds $75,000 because of

the bad faith claim asserted by Kyle.

Currently before the Court is Kyle's motion to remand. (Doc. 2.) When determining whether the federal courts have jurisdiction over a diversity action, "[i]t is to be presumed that a cause lies outside this [Court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

The record in this action clearly establishes that Progressive's original lawsuit involves an amount in controversy under $75,000. With respect to Kyle's bad faith counter-claim, Progressive has not met is burden of establishing that the jurisdictional amount is satisfied. More importantly, as Kyle points out, only a defendant against whom a suit is brought has the right to remove an action. *See Shamrock Oil & Gas Corp.*, 61 U.S. 100 (1941). A defendant counter-claimant is not entitled to do the same. *Id*. As such, the instant Court does not have jurisdiction of the current dispute.

Accordingly, by separate order, this action will be remanded to Circuit Court of Limestone County, Alabama.

Done this 27th day of August, 2008.

_____
U.W. Clemon
United States District Judge